IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
'97 FEB 10 PM 3:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

CHARLES ALLISON, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO.
)
) CV-97-AR-0151-S
PEMCO AEROPLEX, INC. et )
al., )
)
    Defendants. )

ENTERED
FEB 10 1997

**MEMORANDUM OPINION**

    The motion of Charles Allison ("Allison"), plaintiff in the above-entitled cause, to remand the case to the Circuit Court of Jefferson, County, Alabama, is currently before the court. The identical question is one that the undersigned has thoroughly considered in the past. *See Towns v. The Dana Corp.*, 96-AR-2929-E (N.D. Ala. Dec., 30, 1996). While the court would feel uneasy in plagiarizing another judge's work, it has no reservations about plagiarizing its own. Accordingly, it will copy *Towns* virtually word-for-word.

    Allison is no doubt aware that the judges of the United States District Court for the Northern District of Alabama are badly split on the question of the removability of an employee's claim of discharge in retaliation for his having brought a worker's

1

compensation claim against his employer. It appears that Pemco Aeroplex, Inc. ("Pemco"), the removing defendant, lost in this game of "luck-of-the draw." The undersigned is solidly on the side of the bench which follows the position of the Fifth Circuit in *Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir. 1991). Unless and until the Eleventh Circuit or the Supreme Court confirms that the other side of this bench is right, the undersigned will maintain his position.

Excellent reviews of this sad situation in the Northern District appear in Judge Smiths opinion in *Roberts v. Bealieu of America, Inc.*, ___F. Supp.___, 1996 WL 763466 (N.D. Ala. June 25, 1996) and Senior Judge Haltom's opinion in *Lackey v. Gate Homes, Inc.*, ___F. Supp.___, 1996 WL 640407 (N.D. Ala. Nov. 1, 1996). These are not the only two judges of the Northern District who have climbed aboard the "*Roadway Express.*"

The instant case presents an even stronger set of circumstances for non-removability than if it simply involved a retaliation claim. The state court complaint by Allison contains a classic, straight-forward count claiming benefits for a work-related injury, as well as a count for an alleged retaliatory discharge. The notice of removal admittedly effected a removal of the entire case, so that the removal of that aspect claiming

2

workers' compensation benefits was in clear violation of the prohibition contained in 28 U.S.C. § 1445(c). In its motion to sever Pemco concedes that a remand of the count claiming benefits cannot be avoided. How can a defendant remove a claim that it concedes cannot be removed? Even those judges of this court who disagree with this judge's view would have to remand an integral aspect of this case and thus create a procedural nightmare.

This court would be very happy for the Eleventh Circuit or the Supreme Court to provide guidance in this area, so that the "luck-of-the-draw" would not be the crucial factor in the Northern District when a case like this is removed.

Pemco's claim that Allison's causes of action ostensibly brought under state law are preempted by federal law because they necessarily invoke an interpretation of the Collective Bargaining Agreement have been addressed by this court in *Johnson v. Norfolk Southern Corp., et al.*, ___F. Supp.___, CV-96-AR-3375-S (N.D. Ala. Jan. 21, 1997), and will not be here again addressed.

Not only must this court refuse jurisdiction because of § 1445(c), but also because the benefit of any jurisdictional doubt always goes to the party who selected the state forum. Here even if Pemco had been successful in persuading the undersigned to join the judges who subscribe to the idea of removability of a workers' compensation retaliation claim, it has not met its burden of

3

showing that the straight-up workers' compensation claim was fraudulently joined in order to defeat removability.

A separate order of remand will be entered.

DONE this 10th day of February, 1996.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT

4